### HORTMAN–SALMEN CO:, Inc., v. TARTT.*
No. 14263.

Court of Appeal of Louisiana. Orleans.

May 22, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

O'Niell & O'Niell, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff alleges that it furnished the defendant with building materials amounting to the sum of $1,252.31, which were used in the construction of a residence on two lots of ground owned by her; that she paid on account thereof the sum of $700, leaving a balance due of $552.31; and that it was entitled to a materialman's lien and privilege on the building and the land. Defendant filed an answer admitting that certain materials were furnished and used in the construction of the building, but denies that she is liable for the amount claimed.

There was judgment in favor of the plaintiff for the sum of $543.07, and the defendant has appealed.

The record shows that defendant owned two lots of ground and desired to erect a residence consisting of three rooms, a bath and front and rear galleries; that she employed a contractor and carpenter by the name of Howard Bell to erect the building; that the materials for that purpose were ordered from the plaintiff; that plaintiff conceded there was an overcharge of $9.34, for which defendant was entitled to credit, and which amount was allowed by the trial court; that the plaintiff's lien and privilege as a materialman was perfected by proper recordation of a sworn estimate in the mortgage office, under the provisions of section 13 of Act No. 298 of 1926.

The plaintiff offered the testimony of several witnesses, including that of the contractor, Howard Bell, tending to prove that the materials were furnished and were used in the construction of the residence, and the testimony of these witnesses is corroborated by the signed dray receipts and the itemized statements which were offered in evidence.

Defendant offered the testimony of several witnesses, including her own, for the purpose of refuting the testimony given by the plaintiff's witnesses, and particularly for the purpose of showing that all of the material furnished did not go into the construction of the building.

Counsel for defendant contends that the original estimate covering the cost of the building was $900 and that the difference between that amount and the amount of $1,252.31 represents the value of items which did not go into the construction of the building, but that this difference constitutes an overcharge which was the result of the salesman, representing the plaintiff, and the contractor, Bell, conspiring to defraud her.

We find nothing in the evidence upon which

---

this contention could be properly based. The plaintiff's evidence tends to show that the defendant had certain additions and alterations made to the building which caused the original estimate to be increased.

The contractor who constructed the building for the defendant was in a much better position to know whether the materials went into the construction of it than the defendant. The trial court found that the plaintiff had proved its case by a preponderance of the evidence and, from a review of the record, we have reached the same conclusion.

Therefore, the judgment appealed from is affirmed.

Affirmed.